IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RUSSELL MABRY,**

    Plaintiff,

    v.                                                  Civil Action No. **3:20CV409**

**DAQUAN JOYNER**

    Defendant.

**MEMORANDUM OPINION**

Russell Mabry, a Virginia inmate proceeding *pro se*, filed this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**I.    PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the

court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Balt.*, 845 F.2d 61, 63 (4th Cir. 1988) (citation omitted) (internal quotation marks omitted). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. "[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted).

Moreover, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face" rather than merely "conceivable," *id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL HISTORY AND PERTINENT ALLEGATIONS

Mabry submitted a series of complaints in this action. (*See, e.g.*, ECF Nos. 1, 11, 12, 13, 14, 15.) Accordingly, by Memorandum Order entered on March 31, 2021, the Court informed Mabry that it would only consider Mabry's Complaint filed on March 8, 2021 ("March 8, 2021 Complaint," ECF No. 14). On April 8, 2021, the United States Postal Service returned the March 31, 2021 Memorandum Order to the Court because Mabry had moved and failed to update his address. (ECF No. 17.) On April 13, 2021, Mabry provided the Court with his new address. Meanwhile, on March 29, 2021, Mabry filed yet another complaint ("March 29, 2021 Complaint,"

ECF No. 15.) Accordingly, by Memorandum Order entered on April 30, 2021, the Court informed Mabry that it would only consider his March 29, 2021 Complaint. The Court further informed Mabry that if he wished the Court to consider a different complaint, he must submit that complaint within fifteen (15) days of the date of entry thereof. Thereafter, Mabry submitted some receipts and other documents, but not a new complaint.

The March 29, 2021 Complaint was filed on the standardized form, "Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship)." (March 29, 2021 Comp. 1.)[1] Mabry states that he is the plaintiff and a citizen of Virginia. (*Id.* at 3.) Mabry further states that the Defendant, DaQuan Joyner is also a citizen of Virginia. (*Id.*) Mabry states that Joyner owes him $150,000.00. (*Id.* at 4.) However, Mabry fails to state the basis for his claim. (*Id.* at 4–6.)

The March 8, 2021 Complaint is largely identical to the March 31, 2021. (March 8, 2021 Compl. 1–6.) Mabry, however, provides additional information about the basis for his claim. (*Id.* at 5–6.) For example, Mabry explains that:

> The defendant, DaQuan Joyner, was selling plaintiff's book on Amazon without his permission and falsifying financial records for orders received. The defendant took $1,000.00 investment to secure bulk order from [the] distributor for promotional purposes. When confronted about the financial records and the delivery of books ordered with the invested monies, the defendant stated he lost the shipment and did not have the money. Once the plaintiff requested the financial records, the defendant boosted the price of the book to an outrageous amount above $100.00, which created complete halt to the sale of the book. Plaintiff, Russell Mabry, is seeking $150,000.00 for the punitive damages, loss of sales and profits, infringement and suffering which caused plaintiff to lose not only his home, but potential sales.

(March 8, 2021 Compl. 6.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from the Mabry's submissions.

### III. ANALYSIS

Diversity jurisdiction is proper only when the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete. 28 U.S.C. § 1332;[2] *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). Here, both Mabry and Joyner are citizens of the same state, Virginia, and therefore the Court lacks diversity jurisdiction over this action. Accordingly, Mabry's claims and the action will be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4 June 2021
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[2] The statute provides in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
   (1) citizens of different States;
   (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
   (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
   (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.